IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| GUILFORD COLLEGE, GUILFORD COLLEGE INTERNATIONAL CLUB, THE NEW SCHOOL, FOOTHILL-DE ANZA COMMUNITY COLLEGE DISTRICT, HAVERFORD COLLEGE, THE AMERICAN FEDERATION OF TEACHERS, JIA YE, and SEN LI, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 1:18CV891 |
| KIRSTJEN NIELSEN, U.S. DEPARTMENT OF HOMELAND SECURITY, L. FRANCIS CISSNA, and U.S. CITIZENSHIP AND IMMIGRATION SERVICES, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER**

This Court, pursuant to its inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants," *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936), shall enter this Order *sua sponte*.

Plaintiffs initiated this action seeking declaratory and injunctive relief for Defendants' alleged violations of the Administrative Procedure Act (the "APA"), 5 U.S.C. § 701 *et seq.*, and the Fifth Amendment to the United States Constitution. (ECF Nos. 1, 14.) Specifically, Plaintiffs' lawsuit relates to the application of an August 9, 2018 Policy Memorandum issued by the U.S. Citizenship and Immigration Services, PM-602-1060.1, titled "Accrual of Unlawful Presence and F, J, and M Nonimmigrants," (the "August 2018 Policy Memorandum" or the "Memorandum"). (ECF Nos. 1, 14.)

On May 3, 2019, this Court entered a Memorandum Opinion and Order which, among other things, granted Plaintiffs' motion for preliminary injunction and ordered the parties to engage in expedited summary judgment briefing, (the "May 3 Opinion and Order"). (ECF No. 45 at 29; ECF No. 46 at 1.) In accordance with the May 3 Opinion and Order, expedited briefing on the parties' cross-motions for summary judgment ended on May 30, 2019. Presently pending before the Court are: (i) Plaintiffs' Motion for Partial Summary Judgment, (ECF No. 47); and (ii) Defendants' Motion for Summary Judgment, (ECF No. 50).

Of the four claims alleged in the First Amended Complaint, three claims implicate the APA. "A court conducting judicial review under the APA does not resolve factual questions, but instead determines whether or not as a matter of law the evidence in *the administrative record* permitted the agency to make the decision it did." *Ohio Valley Envtl. Coal. v. Hurst,* 604 F. Supp. 2d 860, 879 (S.D.W. Va. 2009) (emphasis added) (internal quotation marks omitted); *see Occidental Eng'g Co. v. INS,* 753 F.2d 766, 769 (9th Cir. 1985). A court's scope of review under the APA is, therefore, narrow and "limited to *the administrative record* and the grounds for decision invoked by the agency." *Loma Linda Univ. Med. Ctr. v. Sebelius*, 684 F. Supp. 2d 42, 52 (D.D.C. 2010) (emphasis added) (citing *Camp v. Pitts*, 411 U.S. 138, 142 (1973), *aff'd*, 408 F. App'x 383 (D.C. Cir. 2010). "Thus, in an APA claim, summary judgment becomes the mechanism for deciding, as a matter of law, whether the agency action is supported by *the administrative record* and otherwise consistent with the APA standard of review." *Nieves v. McHugh*, 111 F. Supp. 3d 667, 679–80 (E.D.N.C. 2015) (emphasis added) (internal quotation marks omitted). Accordingly, as this Court previously stated in its May 3 Opinion and Order, "motions for summary judgment,

particularly in the APA context, should not be granted in the absence of a full administrative record." (ECF No. 45 at 27.)

Here, despite the fact that, as set forth above, the Court must limit its inquiry under the APA to the administrative record, and the fact that both parties' summary judgment briefs include citations to a "Certified Administrative Record,"[1] the parties failed to file the administrative record as a part of the expedited briefing in this matter. Nor has either party sought an extension of time to file the required administrative record with the Court. *See* LR 7.3(e), (g) (stating that if a movant's supporting documents "are not then available, the party may move for an extension of time" to file the supporting documents). It now has been more than thirty (30) days since the end of expedited summary judgment briefing ordered by this Court.

Further, although both parties move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 56.1 of this Court's Local Rules, (*see* ECF Nos. 47, 50), the parties have failed to comply with the requirements under these rules to support their factual positions by "citing to particular parts of materials *in the record*" or "point[ing] to specific, authenticated facts existing *in the record*." Fed. R. Civ. P. 56(c) (emphasis added); LR 56.1(d),(e). As a result of the parties' failure to provide the Court with the required administrative record, the Court is precluded from addressing the merits of the parties' cross motions for summary judgment. The Court therefore enters the following:

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Partial Summary Judgment, (ECF No. 47), and Defendants' Motion for Summary Judgment, (ECF No. 50), are hereby

---

[1] *See, e.g.,* ECF No. 48 at 2, 3; ECF No. 51 at 7, 17; ECF No. 52 at 24–26; ECF No. 53 at 19; ECF No. 55 at 13, 15.

3

DENIED WITHOUT PREJUDICE. Such motions shall not be refiled unless and until they are accompanied by the administrative record and any other supporting documents required to be filed under the applicable rules.

IT IS FURTHER ORDERED that the preliminary injunction entered in the Court's May 3 Opinion and Order shall continue and remain in full force and effect as set forth in the May 3 Opinion and Order, until such time that this Court orders otherwise.

This, the 3rd day of July, 2019.

/s/ Loretta C. Biggs
United States District Judge